Law Library

# IN THE SUPERIOR COURT
# OF GUAM

2012 NOV 06 PM 1:1

| | |
|---|---|
| THE PEOPLE OF GUAM, | )    CRIMINAL CASE No. CF 0362-12 |
| v. | ) |
| | )    **DECISION AND ORDER** |
| | )      On Defendant's |
| VINCENT CAMPOS, | )      Motion for Deferred Plea |
| Defendant. | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on October 5, 2012 on Defendant's Motion for Deferred Plea. The People of Guam were represented by Assistant Attorney General Lisa Hack. The Defendant was represented by Assistant Public Defender Maria Fitzpatrick. Having reviewed the memorandum and papers presented, the court now issues the following decision DENYING the Defendant's Motion for Deferred Plea.

## FACTUAL HISTORY

The present case involves statutory analysis of the eligibility requirements for deferred pleas pursuant to Guam's recently amended Family Violence Act. On June 11, 2012 the Defendant was indicted on felony charges of *Terrorizing, Family Violence,* and *Aggravated Assault* with a *Special Allegation of Use of a Deadly Weapon.* Following the Defendant's release from custody, the prosecutor provided notice to the Court that the Defendant was statutorily ineligible to receive a deferred plea pursuant to the eligibility requirements of the Act. In denying eligibility, the People interpreted the statutory language of 9 GCA §30.80 to restrict Family Violence deferred pleas to only those defendants charged with misdemeanor *Family Violence.*

The Defendant disputes the People's statutory interpretation and has motioned the Court for a deferred plea. The Defendant argues that "there is nothing in the statute which limits deferred pleas to misdemeanors." The Defendant does not address the language of §30.80, but instead directs the Court's attention to the statutory language of §30.80.1. This subsection delineates four factual circumstances that make a defendant ineligible for a deferred plea, none of which apply to the Defendant. Because the Court reads both sections §30.80 and §30.80.1 together, the Court finds that the recent amendment to the Family Violence Act limits deferred pleas to only those defendants whom plead guilty to misdemeanor *Family Violence*.

## DISCUSSION

On March 28, 2012 the amended Family Violence Act took effect and replaced the former diversion program with a mandatory deferred plea agreement. 9 G.C.A. §30.80 (2011). The programs are substantively similar in that both place eligible defendants on a one to three year probationary period that defers criminal adjudication. Upon successful completion of the terms of probation, the criminal charges against the defendant are expunged. There are, however, distinctions in the eligibility requirements of the two programs. Under the former diversion program, eligibility was not conditioned upon whether the defendant was charged with misdemeanor or felony *Family Violence*. The Defendant now argues that the same is true of the new deferred plea agreement, while the People argue that the Guam Legislature amended the law to make defendants charged with felony *Family Violence* ineligible.

Ascertaining which argument is correct requires statutory analysis of the eligibility requirements for deferred pleas pursuant to Guam's Family Violence Act. All statutory interpretation begins with looking at the plain language of the statute. Where there is no ambiguity as to the intent of the statutory language, "judicial inquiry is complete." *Rubin v. U.S.*,

449 U.S. 424, 430 (1981). Whether the language of the statute is plain or ambiguous "is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997).

## I.    *The Language of the Statute is not Ambiguous*

The dispute in the present case can be reduced to the sole question of the significance of the word 'misdemeanor' in the opening sentence of section 30.80 of the Family Violence Act. The People maintain that defendants charged with felony *Family Violence* are statutorily ineligible to receive deferred pleas based upon the 'misdemeanor' language contained in section 30.80 - **Deferred Guilty Plea for Family Violence**. The Defendant counters that the language of §30.80.1 - **Deferred Plea Eligibility** – determines which defendants are *not* eligible to receive a deferred plea. The relevant language of section 30.80, **Deferred Guilty Plea for Family Violence**, reads as follows:

> Upon a proper motion, when a defendant voluntarily pleads guilty, prior to the commencement of trial, *to a misdemeanor charge of family violence*, as defined in this Chapter, he or she is found eligible for a deferred guilty plea pursuant to §30.80.1 of this Chapter, and the defendant agrees to participate in education, counseling and/or treatment program(s) as directed by the court, the court may defer criminal proceedings until such a time as may be required for the defendant to complete the education, counseling and/or treatment program(s). (2011) (emphasis added).

The relevant language of subsection 30.80.1, **Deferred Plea Eligibility**, reads:

> Notwithstanding any other provision of law, and upon the determination of the judge, this § 30.80.1 *shall* apply whenever a case is before the court upon an accusatory pleading for any criminal act against a family or household members as defined in Subsection (b) of § 30.10 of this Chapter.
>> (a) The following persons are ineligible for the deferred guilty plea for family violence process:
>>> (1) a defendant who has a felony conviction for any offense involving violence within seven (7) years prior to the alleged commission of the charged offense;

(2) a defendant who has participated in a diversion or deferred plea program for family violence, or a similar offense in Guam or another locality;

(3) a defendant who has been sentenced for a violation of §30.40 of this Chapter within one (1) year prior to the alleged commission of the charged offense; or

(4) a defendant whose current charge involves serious bodily injury as defined in Subsection (c) of §16.10, Chapter 16 of this Title, or criminal sexual conduct involving sexual penetration as defined in Item (9) of Subsection (a) of §25.10, Chapter 25 of this Title, *unless* the court finds that due to unusual circumstances deferral of the criminal proceedings is manifestly in the interest of justice.

(b) The fact that a defendant is *not* made ineligible by Subsection (a) of this§ 30.80.1 *does not* automatically entitle a defendant to the deferred guilty plea for family violence.

The 'misdemeanor' language of § 30.80 was added when the Family Violence Act was amended in September 2011. Previously, section 30.80 was called '**Diversion Eligibility**' and contained much of the language currently found in 30.80.1, '**Deferred Plea Eligibility**.' When the legislature amended the Act, '**Deferred Guilty Plea for Family Violence**' became the new section 30.80 to define the components of a deferred plea agreement. The former '**Diversion Eligibility**' became '**Deferred Plea Eligibility**' and is now a subsection of this definition and was accordingly numbered 30.80.1.

When the legislature amended the Family Violence Act it increased the restrictions on eligibility for deferred pleas. The legislature did not merely strike the word 'diversion' and replace it with the words 'deferred plea.' Under the former law, the benefit of diversion could be received more than once as the law only excluded those defendants who had been "diverted pursuant to this section within five (5) years prior to the commission of the charged offense whether or not the diversion resulted in expungement." 9 GCA § 30.80 (a)(2) (1994). The amendment to the Act removed the possibility of multiple diversions and multiple deferred pleas, regardless of the jurisdiction where either occurred, by making ineligible all defendants who ever "participated in a diversion or deferred plea program for family violence, or a similar offense in Guam or another locality." 9 GCA § 30.80.1 (a)(2) (2011).

The legislature's placement of the word 'misdemeanor' within the statutory paragraph that defines the components of a deferred plea is not ambiguous. The Court also notes that the statute is not ambiguous in limiting deferred pleas to those defendants whom *plead guilty to* misdemeanor *Family Violence*, not to those defendants *charged* with misdemeanor *Family Violence*. The statutory phrase "when a defendant *voluntarily pleads guilty . . . to a misdemeanor charge of family violence*" does not lend itself to the interpretation that a defendant can plead guilty to a felony charge of *Family Violence* and still receive a deferred plea. Nonetheless, the Defendant impliedly argues that the Act's use of the word 'misdemeanor' has no significance. In order to find for the Defendant, the Court must give neither weight nor significance to the Legislature's intentional addition of the word 'misdemeanor' to the definition of deferred guilty pleas. Because a basic principle of statutory interpretation is the "duty 'to give effect, if possible, to every clause and word of a statute,'" the Court cannot uphold such a reading. *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (quoting *Montclair v. Ramsdell*, 107 U.S. 147, 152 (1883)).

## II. *The Context in Which the Statutory Language is Used is not Ambiguous*

The Defendant's interpretation further asks the Court to ignore the structure of the statute as a whole. The Family Violence Act first defines deferred pleas in section 30.80 and then, in subsection 30.80.1, delineates factual circumstances that make a defendant ineligible for a deferred plea. The Court cannot, however, read the ineligibility factors in isolation from the definition of a deferred plea. Statutory interpretation is a "holistic endeavor" and the purpose of the word 'misdemeanor' is "clarified by the remainder of the statutory scheme" – specifically, that the legislature increased the restrictions on eligibility for deferred pleas. *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 371 (1988). Accordingly, the Court must interpret the law so as to the give word 'misdemeanor' "operative effect." *Walters v. Metropolitan Ed. Enterprises, Inc.*, 519 U.S. 202, 209 (1997).

Section 30.80 of the Family Violence Act defines the eligibility criteria for deferred pleas. The section requires that: (1) the defendant voluntarily pleads guilty, (2) that the plea is offered prior to the commencement of trial, (3) that the defendant is not made ineligible by the factors

delineated in section 30.80.1, (4) that the defendant agrees to participate in education, counseling and/or treatment, and (5) that when the defendant voluntarily pleads guilty, it is to a *misdemeanor* charge of *Family Violence*. 9 GCA § 30.80 (2011). That a defendant is not made ineligible by the factual circumstances enumerated in subsection 30.80.1 is a requirement of defining section 30.80, not the reverse.

The Defendant does not challenge any of the other requirements of deferred plea eligibility. Instead, the Defendant argues that all of the other basic defining factors of section 30.80 apply, while the section's requirement that he plead guilty to a *misdemeanor* charge of *Family Violence* does not. Incorrectly, the Defendant argues that it does not matter whether he meets the requirements of eligibility for a deferred plea, only that he is not made specifically ineligible by the limited factual circumstances enumerated in subsection 30.80.1. If the Court were to rely on this logic, the Defendant could argue that he remained eligible even if he did not plead guilty prior to the commencement of trial or if he refused to participate in court mandated education, counseling or treatment.

The plain language of the statute indicates that the legislature requires defendants to plead guilty to misdemeanor *Family Violence* in order to receive a deferred plea. Deferred plea agreements are not a guaranteed right as "The fact that a defendant is *not* made ineligible by subsection (a) of this§ 30.80.1 *does not* automatically entitle a defendant to the deferred guilty plea for family violence." § 30.80.1(b) (2011) (emphasis in original). Some of the reasons that a defendant may be denied a deferred plea despite apparent eligibility are at the discretion of the court. *See* § 30.80.2 (2011). The basic components of a deferred plea agreement do not, however, appear to be discretionary. The law clearly states that only after the defendant

> "voluntarily pleads guilty, prior to the commencement of trial, to a misdemeanor charge of family violence, as defined in this Chapter, [then] he or she is found eligible for a deferred guilty plea. . ."

and the court is now allowed to "defer criminal proceedings until such a time as may be required for the defendant to complete the education, counseling and/or treatment program(s)." § 30.80 (2011).

## CONCLUSION

Based on the foregoing, the Court finds that the Family Violence Act is not ambiguous in limiting deferred pleas to only those defendants whom plead guilty to misdemeanor *Family Violence* charges. The Defendant is therefore statutorily ineligible for a deferred plea agreement pursuant to the Act. Accordingly, the court DENIES the Defendant's Motion for Deferred Plea. Further Proceedings are set for _Dec. 1_ 2012 at 9am.

SO ORDERED, this 26 day of November 2012.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify...
the last correct copy of the original on file in
the office of the clerk of the Superior Court of
Guam.
Dated at Hagåtña, Guam

NOV 2 6 2012

_____ J. Mendiola
Deputy Clerk, Superior Court of Guam